UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PHILLIP R. BRENNEKE, and | ) | Case No. 09-45499-659 |
| JANE S. BRENNEKE, | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |
| PHILLIP R. BRENNEKE, and | ) | **Adversary No. 10-4156-659** |
| JANE S. BRENNEKE, | ) | |
| | ) | **PUBLISHED** |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Debtors Phillip R. Brenneke and Jane S. Brenneke's Complaint to Determine the Value of Security and the Validity of the Lien of Fifth Third Bank, Response to Debtor's [sic] Complaint to Determine the Value of Security and the Validity of the Lien of Fifth Third Bank and Joint Stipulation of Facts. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Debtors Phillip R. Brenneke and Jane S. Brenneke (hereinafter collectively "Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 11, 2009. Debtors own property located at 9928 Thurman Oaks Road, Valles Mines, Missouri (hereinafter "Property"). Joint Stipulation of Facts (hereinafter "Stip"), ¶ 6. Creditor Fifth Third Bank (hereinafter "Creditor") filed a secured proof of claim for the first mortgage in the amount of $155,134.65 in Debtors' bankruptcy case (hereinafter "First Mortgage"). Creditor filed a second secured proof of claim for a second mortgage in the amount of $41,008.00 (hereinafter "Second Mortgage"). Debtors listed the Property as having a value of $155,000.00 on Schedule A of Debtors' Schedules and

Statements.  Debtors filed this adversary on February 25, 2010.   Debtors and Creditor have submitted their respective appraisals of the Property.  Debtors' appraisal was conducted by Olschansky Appraisals on April 24, 2009.  According to Debtors' appraisal, the Property has a skylight, a separate shower and a whirlpool tub in the master bathroom, ceiling fans in all bedrooms and a lead front door, all of which appreciate the value of the Property.  The deck however is in poor condition and needs to be sealed and painted and some drywall needs to be replaced, all of which depreciate the value of the Property.  Debtors' appraisal considered the sales price of three comparable properties which were $205,000.00, $136,000.00 and $170,000.00; and, the asking price of two comparable properties, which were listed at $174,900.00 and $169,000.00.  To account for the differences between the comparable properties and the Property,  Debtors' appraiser adjusted the comparable sale price or listing price.  The adjusted values of the comparable sales were $155,770.00, $147,540.00 and $151,240.00 respectively; and the adjusted comparable listing prices were $159,150.00 and $157,040.00.  Based on the above, Debtors' appraisal indicates that the Property is valued at $155,000.00.

  Creditor's appraisal was conducted by Everett Boyd who appraised the value of the Property as of February 25, 2010. Creditor's appraisal performed a site inspection of the improvements, investigation of the subject neighborhood area of influence and a review of sales of similar properties. Creditor's appraisal noted the wood-burning fireplace in the living room, the large wood deck, another small deck near the above ground pool, skylight and jacuzzi tub in the master bathroom and the detached garage/workspace to be value-adding features of the Property.  The visible drywall seam, below grade level concrete pad in front of the garage and an inadequate drain line from the air conditioner were depreciative features of the Property.  Creditors' appraisal considered the sales price of three comparable properties which were $205,000.00, $157,900.00 and $179,500.00; and as additional support, a comparable listing was included for which the asking price is $154,900.00.  As with Debtors' appraisal, Creditor's appraiser adjusted the sales price of

2

the comparable properties to account for the differences between the comparable properties and the Property. The adjusted values were $172,100.00, $169,600.00 and $164,200.00 respectively, and, as for the comparable listing, the adjusted listing price was $168,100.00. Based on the above, Creditor's appraisal valued the Property at $168,000.00.

One comparable property was listed in both Debtors' and Creditor's appraisal, the property that was sold for $205,000.00. In conducting the comparison however, Debtors' appraisal made a negative adjustment of $49,230.00 to sale price to account for the difference in acreage (-$15,000.00), age (-$10,250.00), condition (-$20,500.00), living area (-$10,980.00) and the condition of the basement (-$2,500.00) and the detached garage ($10,000.00). Therefore, the adjusted sales price was $155,770.00.

Creditor's appraisal however made a negative adjustment of $32,900.00 to the sale price of Comparable Sale #1 based on difference in acreage (-$11,800.00), quality of construction (-$1,500.00), age (-$7,000.00), condition (-$5,000.00), living area (-$8,300.00), condition of the basement (-$5,300.00), condition of the deck (-$1,000.00), and the skylight/dormer that the Property has but Comparable Sale #1 does not (-$500.00). Creditor's appraisal also made a positive adjustment because Comparable Sale #1 is near a lake ($7,500.00). The adjusted sales price of Comparable Sale #1 was $172,100.00. Creditor's appraisal states that the negative adjustment slightly exceeded guidelines due to the adjustment for size and site. Debtors' appraisal offered no explanation as to why the adjustments were so substantial.

The following chart represents a more visually appealing comparison of the adjustments made in Debtors' and Creditor's appraisals with regard to Comparable Sale #1.

| Comparable Sale #1  9003 Old Timber, 63087; $205,000.00 | | | |
|---|---|---|---|
| Points of Comparison | Difference of Comparable Sale # 1 to Property | **DEBTORS' APPRAISAL** | **CREDITOR'S APPRAISAL** |
| **Site** | + aprox. 3 acres | -$15,000.00 | -$11,800.00 |
| **Age** | - 4 years | -$10,250.00 | -$7,000.00 |
| **Quality of Construction** | **Debtors**: both average; **Creditor:** Comparable Sale has brick siding | $0.00 | -$1,500.00 |
| **Condition** | **Debtors:** Comparable Sale is Good/ Property is Average; **Creditor:** Comparable Sale is Superior/ Property is Average | -$20,500.00 | -$5,000.00 |
| **Living Area** | Comparable Sale = 1,924 sq. ft/ Property - 1,612 sq. ft.[1] | -$10,980.00 | -$9,300.00 |
| **Basement** | Property is partially finished. | -$2,500.00 | -$5,300.00 |
| **Garage** | Both Comparable Sale #1 and the Property have a 2-car attached garage.  Debtors' and Creditor's appraisals both indicate that the Property also has a 2-car detached garage.  Creditor's appraisal did not attribute a value to this additional feature. | $10,000.00 | $0 |
| **Deck** | | $0 | -$1,000.00 |
| **Location** | Creditor's appraisal notes that the Comparable Sale #1 is near a lake | $0 | $7,500.00 |
| **Skylight (dormer)** | Creditor's appraisal notes the skylight. | $0 | -$500.00 |
| **TOTAL ADJUSTMENT** | | -$49,230.00 | -$32,900.00 |
| **NET ADJUSTED COMPARABLE SALES PRICE** | | $155,770.00 | $172,100.00 |

Debtors argue that the value of the Property is insufficient to secure the First Mortgage and as such, the Second Mortgage is wholly unsecured.  Creditor argues that there is sufficient value

---

[1]The Court notes a discrepancy between Debtors' and Creditor's appraisals because Debtors' appraisal lists that Comparable Sale #1 has 8 total rooms while Creditor's appraisal lists that Comparable Sale #1has 6 total rooms; a difference which may account for the difference in adjustment.

4

in the Property to which the Second Mortgage may attached and thus, the Second Mortgage is undersecured but not wholly unsecured.

## JURISDICTION

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

The Court must determine whether the market value of the Property as of the date Debtors filed their bankruptcy petition exceeds the amount required to satisfy the First Mortgage. The Court resolves the matter below.

Under Section 1322(b)(2) of the Bankruptcy Code, a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2) (2010). If the value of the property is sufficient to leave the creditor partially secured, the creditor is subject to the anti-modification protections of Section 1322. *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). If there exists no value in the collateral beyond that required to satisfy the first lien, the second lien is unsecured and therefore cannot be classified as a secured claim under Section 506(a). *In re Mitchell,* 177 B.R. 900, 902 (Bankr. E.D. Mo. 1994).

For Creditor to be secured and protected under the anti-modification provisions of Section 1322, Creditor must have at least some interest in the Property; there must be some value beyond that required to satisfy the First Mortgage. Debtors argue that there is $155,134.65 owed on the First Mortgage and the value of the Property is $155,000.00, therefore, there is insufficient value in the Property to which the Second Mortgage may attach. Creditor argues that the value of the

5

Property is $168,000.00, and therefore there is sufficient value after satisfaction of the First Mortgage to which the Second Mortgage may attach. Debtors and Creditor have presented their respective appraisals in support of their position.

This Court considers comparable sales to be the best source of information in appraising a property, and thus, very little weight is placed on the listing price of comparable listings. Debtors' appraisal comprised two comparable listings while Creditor's appraisal was based on comparable sales, however, a comparable listing was provided as additional support. On this basis, Creditor's appraisal is more credible.

The Court's interest was heightened by the different adjustments made in the respective appraisals as to Comparable Sale #1. Upon consideration thereof, the Court finds the adjustments made in Debtors' appraisal to be excessive; the adjustments made in Creditor's appraisal are more reasonable. The Court finds this trend to be true of the adjustments made in Debtors' appraisal as a whole, including the second and third comparable properties. The value opined in Debtors' appraisal is therefore too conservative. Thus, the Court concludes that Creditor's appraisal is more accurate. The Court will adopt Creditor's appraisal and the statement therein that the value of the Property on February 25, 2010 was $168,000.00.

As indicated above, the Court must determine the value of the Property on the Petition Date, which in this case is June 11, 2009. *See also In re Kevin Lewis,* 419 B.R. 804, 806 (Bankr. E.D. Mo. 2009). Neither party has represented that the value of properties in the subject area have increased or decreased since Debtors' bankruptcy case was filed, nor has either party objected to the opposing appraisal. Therefore, the Court will allow Creditor's appraisal to stand as is. The value of the Property on June 11, 2009 was $168,000.00.

Therefore, as this Court has determined that there is sufficient value in the Property beyond that required to satisfy the First Mortgage, Creditor's claim for the Second Mortgage is subject to

the anti-modification provisions of Section 1322(b)(2). And Order consistent with the above will be entered separately.

/s/ Kathy A. Surratt-States
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 12, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Phillip and Jane Brenneke
9928 Thurman Oaks
Valles Mines, MO 63087

Fifth Third Bank
PO Box 829009
Dallas, TX 75382

Judy Freiberg
UAW Legal Services Plan
10820 Sunset Office Dr., Ste. 141
St. Louis, MO 63127

Jennifer M. West
South & Associates, P.C.
800 Market Street
Suite 1660
St. Louis, MO 63101